IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL TYPEFACE CORPORATION, a New York corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 02 C 8256 |
| ADOBE SYSTEMS, INC., A Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff International Typeface Corporation's ("ITC") motions in limine and on Defendant Adobe Systems, Inc.'s ("Adobe") motions in limine. For the reasons stated below we grant the motions in part and deny the motions in part.

I. International Typeface Corporation's Motions In Limine

ITC has filed motions in limine seeking to exclude: the calling of an ITC attorney as a witness, the testimony of David Lemon, and the introduction of the interim London arbitration award.

1

### A. Motion to Exclude Calling of ITC Attorney

ITC requests that the court bar Adobe from calling ITC's lead attorney, Paul F. Stack ("Stack") as a witness at trial. Adobe has listed Stack as a potential witness on its witness list. Adobe has opposed this motion, arguing that it will be necessary to call Stack as a witness to discuss a letter sent to ITC in which he concluded that Adobe created the software in question. We agree with ITC that the conclusions expressed by Stack in the letter are merely based upon the language of the agreement and not upon any unique personal knowledge. ITC has not shown that Stack has any unique information that cannot be presented through other sources. In calling Stack as a witness, Adobe would simply be allowed to improperly illicit legal conclusions by Stack before the jury and Adobe would be allowed to disrupt ITC's case by drawing its lead attorney into the fray. Therefore, we grant ITC's motion to bar Adobe from calling ITC's lead attorney, Paul F. Stack ("Stack") as a witness at trial.

### B. Motion to Bar Introduction of Interim Arbitration Award

ITC requests that the court bar the introduction of the interim arbitration award in the London arbitration. In 2002, Adobe initiated an arbitration proceeding in London to address issues surrounding an agreement between Adobe and Agfa Monotype Limited. The issues involving the agreement in the arbitration are similar

to the issues in the agreement between Adobe and ITC at issue in this action. ITC argues that although there are some similarities between the agreements, the agreements were not identical. ITC also claims that a comparison between the agreement in the instant action and the one in the arbitration. If ITC argues that the arbitrators findings would be misleading because the London arbitrator was not proceeding under the same system of law with the same legal standards that are applied in the instant action. Adobe argues that the arbitration award is relevant to some degree. We agree that the arbitrator's award would mislead the jury, would be confusing and would be unfairly prejudicial. Therefore, we grant ITC's motion to bar the introduction of the interim arbitration award.

## II. Adobe Systems, Inc.'s Motions In Limine

Adobe has filed many motions in limine all of which are entirely too broad and sweeping.

### A. Motion to Bar Evidence Concerning Inapposite Licenses

Adobe requests that the court preclude ITC from proffering evidence or argument concerning any editable font embedding licenses issued directly to end users rather than to software developers such as Adobe. Adobe contends that such licenses are irrelevant because they are not in any way comparable to the type of license that existed between ITC and Adobe. Adobe also argues that the licenses are

unfairly prejudicial and misleading. ITC responds by arguing that the licenses were used by ITC's expert to calculate the premium that is generally paid for a font software that includes editable embedding features. ITC argues that since it claims that Adobe unlawfully granted rights in such software to end users, ITC's licenses to end users are relevant in that they provide guidance as to the value of such licenses. We find that Adobe has failed to show that the end user licenses would be irrelevant. In making such a ruling we are not ruling on the strength of such evidence, but are merely finding that the evidence could possibly be used to form a non-frivolous argument and thus could be relevant. Neither are we convinced that the introduction of the end user licenses would be unduly prejudicial to Adobe. Adobe will be allowed to illicit evidence on its own regarding the end user licenses to clarify its own positions in regards to the licenses. It is clear that Adobe would prefer that the end user licenses not be introduced at trial, but Adobe cannot impose its preferences upon ITC and keep ITC from putting on the case of its choosing. Therefore, we deny Adobe's motion to bar evidence relating to the ITC end user licenses.

### B. Motion to Exclude Evidence Relating to Good Faith and Fair Dealing

Adobe requests that the court prelude ITC from introducing any evidence relating to an implied covenant of fair dealing in regards to the license agreement between Adobe and ITC. Adobe is concerned based upon the arguments presented by ITC in its motion for summary judgment that ITC will argue that Adobe was

4

required under an implied covenant of fair dealing to limit its distribution of Adobe's software. Adobe argues that contract law is applicable in this action and that ITC cannot show that an implied covenant of fair dealing existed and that it is completely inapplicable in the instant action. ITC responds arguing that Adobe's motion is too broad, that the evidence which Adobe is seeking to exclude is relevant for a variety of purposes, and that New York law recognizes the existence of an implied covenant of good faith and fair dealing. We agree. Adobe is attempting to resolve issues that should be resolved at trial. This motion is another instance of a pre-emptive strike by Adobe attempting to prevent ITC from putting on its case. The evidence is not wholly irrelevant and cannot be stricken as a matter of course before trial. Any potential confusion concerning the covenant can be addressed in appropriate jury instructions. Therefore, we deny Adobe's motion to preclude evidence relating to the implied covenant of good faith and fair dealing.

### C. Motion Regarding Internet Distribution of Documents With Fonts

Adobe requests that the court preclude ITC from introducing evidence or arguments that indicate that Adobe's customers' distribution over the internet of documents containing embedded fonts and the licensing of such customers by Adobe violated the agreement between Adobe and ITC. Adobe claims that ITC conceded at the summary judgment stage that such licensing by Adobe did not violate the agreement between Adobe and ITC and that to allow the introduction of such

evidence would be unfairly prejudicial and confuse the jury. We agree with ITC that such evidence is not wholly irrelevant for all possible grounds. Also, there has been no finding that ITC has abandoned such claims and Adobe has failed to show that such evidence would confuse the jury or be unfairly prejudiced. Therefore, we deny Adobe's motion to preclude ITC from introducing evidence or arguments that indicate that Adobe's customers' distribution over the internet of documents containing embedded fonts and the licensing of such customers by Adobe violated the agreement between Adobe and ITC.

### D. Motion to Exclude ITC's Damage Theory

Adobe requests that the court bar ITC from pursuing damage theories that are not recognized under New York law. Adobe has not shown that the broad spectrum of evidence that might be excluded under its motion is wholly irrelevant or prejudicial. Any confusion concerning the proper calculation of damages may be resolved by appropriate jury instructions.

### E. Motion to Exclude Evidence that is Contrary to Complaint

Adobe requests that the court preclude ITC from preferring evidence that is contrary to allegations in the complaint. First of all, this motion is entirely too broad and vague and would prohibit the introduction of evidence that is not wholly irrelevant. Secondly, ITC's complaint was merely the initial pleading in this action.

There is nothing that prohibits ITC from proceeding based upon its understanding in light of what it learned during discovery. Also, under the notice pleading standard a plaintiff is not required to provide all facts in its complaint and need only provide the basic allegations sufficient to give notice of its claims. There is no rule that requires a plaintiff to proceed at trial by following its complaint paragraph by paragraph. Therefore, we deny Adobe's request to preclude ITC from proffering evidence that is contrary to the allegations in the complaint.

### F. Motion to Exclude Parol Evidence

Adobe requests that the court preclude ITC from introducing parol evidence regarding the interpretation of contracts between Adobe and ITC. We agree with ITC that such a broad sweeping request and seeks to bar a variety of evidence that is not wholly irrelevant. In regards to the law regarding parol evidence and contract interpretation, the jury can be provided with an appropriate jury instruction. Therefore, we deny Adobe's motion to bar the introduction of parol evidence.

### G. Motion to Bar Testimony by Davis

Adobe requests that the court bar ITC from introducing testimony by William Davis ("Davis") regarding any matter that predates ITC's acquisition by Agfa Monotype Corporation in February of 2000. Adobe argues that such testimony

would be inadmissible hearsay and Davis has no personal knowledge regarding such information. We are not convinced that all testimony in this regard should be preemptively excluded before trial. If at trial Davis provides testimony that is hearsay or is beyond his personal knowledge Adobe may raise the appropriate objection at that time. Therefore, we deny Adobe's motion to bar ITC from introducing testimony by Davis regarding any matter that predates ITC's acquisition by Agfa Monotype Corporation in February of 2000.

### H. Motion to Exclude Damage Experts Steve Kulman and Jan Ciacanelli

Adobe requests that the court exclude ITC's damages experts Steve Kulman and Jan Ciacanelli (collectively referred to as "damages experts"). We agree that Adobe is simply seeking to rehash arguments that were already presented contemporaneously with the parties' summary judgment motion. In regards to the damage experts' theories used to calculate damages, Adobe will be able to elicit testimony to fully inform the jury of the theories behind the calculations. The jury will be properly instructed concerning the appropriate law concerning the determination of damages. Neither has Adobe established that the damages experts' testimony is inadmissible under Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See also Cummins v. Lyle Industries*, 93 F.3d 362, 367-68 (7[h] Cir. 1996)(explaining anlaysis). Adobe clearly

does not agree with the methodology used by the damages experts, but Adobe will be able to illustrate its opinions at trial. Therefore, we deny Adobe's motion to exclude ITC's damages experts Steve Kulman and Jan Ciacanelli.

## CONCLUSION

Based on the foregoing analysis, we grant ITC's motion to exclude the testimony of Stack and we grant ITC's motion to exclude the interim London arbitration award. We deny all of Adobe's motions in limine.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 7, 2005